UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

David Jason Taylor
    Plaintiff

v.

Indianapolis Metro
Police Detective
Ryan Gootee, et. al.,
    Defendants,

Case No:

To Be Assigned

1:23-cv-00059-JPH-TAB

FILED
01/09/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## 42 U.S.C. 1983 Civil Rights Complaint

I: Parties To This Complaint

  A: The Plaintiff:
    David Jason Taylor
    #141235
    c/o Floyd County Jail
    P.O. Box 1406
    New Albany, IN.
    47150

  B: The Defendants
    #1) Ryan Gootee
    IMPD Detective
    #31336
    Indianapolis Metro Police Dept.

(1)

50 N. Alabama St.
Indianapolis, IN.
46204

Sued in individual and official capacities

#2) Officer Moss
IMPD Police Officer
#40519
Indianapolis Metro Police Dept.
50 N. Alabama St.
Indianapolis, IN.
46204

Sued in individual and official capacities

#3) Officer K. Hartman
IMPD Police Officer
#H7097
Indianapolis Metro Police Dept.
50 N. Alabama St.
Indianapolis, IN.
46204

Sued in individual and official capacities.

#4) Jennifer Asher
IMPD Police Officer
#32339
Indianapolis Metro Police Dept.

(2)

50 N. Alabama St.
Indianapolis, IN.
46204
Sued in individual and official capacities

#5) Thomas Borgmann
IMPD Police Officer
#40495
Indianapolis Metro Police Dept.
50 N. Alabama St.
Indianapolis, IN
46204
Sued in individual and official capacities

#6) Mitchell Farnsley
IMPD Police Officer
#40822
Indianapolis Metro Police Dept.
50 N Alabama St.
Indianapolis, IN
46204
Sued in individual and official capacities

#7) Chad Gibson
IMPD Police Officer
#30717
Indianapolis Metro Police Dept.

(3)

50 N. Alabama St.
Indianapolis, IN.
46204
Sued in individual and official capacities

#8) Andrew Girt
IMPD Police Officer
# 30999
Indianapolis Metro Police Dept.
50 N. Alabama St.
Indianapolis, IN.
46204
Sued in individual and official capacities

#9) Garth Schwomeyer
IMPD Police Officer
# 59473
Indianapolis Metro Police Dept
50 N. Alabama St.
Indianapolis, IN.
46204
Sued in individual and official capacities

#10) Jacob Tranchant
IMPD Police Officer
# 30461
Indianapolis Metro Police Dept.

(4)

50 N. Alabama St.
Indianapolis, IN.
46204
Sued in individual and official capacities.

#11) ~~Indianapolis~~ Metro Police Department ~~Police Department~~
Indianapolis Metro Police Dept.
50 N. Alabama St.
Indianapolis, IN.
46204
Sued in official Capacity

(5)

II: Basis For Jurisdiction
  A: I am bringing a 42 U.S.C. 1983 suit against Local officials
  B: I am suing for violation of my fourth amendment rights to be free from illegal seizure. I am also suing for violation of my Due Process Rights.
  C: The Defendants had probable cause to conduct a terry stop for investigatory purposes in their statements, but engaged in an unwarranted immediate seizure by jumping out of unmarked vehicles with weapons drawn and ordering me to stop at gun point at which I never felt free to leave. I was not asked for license nor registration and the uniformed officer pulled up after I was apprehended without a warrant. Dash cam and body cam footage was kept from the Discovery in the criminal charges that arose from my illegal seizure in attempt to hide the truth of my illegal seizure. Thus violating my Due Process Rights. I feel my Due Process Rights were also violated by the fact that no warrant was secured before

what the Defendant's claim to be a traffic stop. However, the vehicle I was in was stopped by plain clothes officers by gun point constituting an immediate arrest which is not consistent with the way they describe in their Affidavit. In an Affidavit for Probable Cause all ten officers and their numbers are listed as involved in the apprehension also showing me outnumbered by 10:1. This would show a show of authority proving an infraction was not the pretext for the illegal seizure. All ten officers conspired and carried out a plan to violate my fourth amendment right to be free from an illegal seizure. I believe that all 10 officers are employees of Indianapolis Metro Police Department (IMPD) and were allowed to engage in this conduct by the department. The officers lied to "Bridge the Gap" in order to attempt to secure criminal charges that were illegally discovered. I have continually expressed my concerns about these issues to my attorney

(7)

and he has consistently avoided raising the issue and persisted in persuading me not to raise this issue. I have found numerous case laws that hold that by using threat of force I was immediately under arrest yet the Defendant's paperwork asserts they conducted a routine traffic stop. The marked police car came up behind me AFTER I was stopped at gun point and already approached and apprehended by plain clothes Detectives that did not have a warrant for my arrest.

III: Prisoner Status:
  A: Pre-Trial Detainee

IV: Statement of Claim:
  A: The events contained herein occurred beginning at Love's Truck Stop in Tipton, IN and ended on 79th Street at Somerset Bay in Indianapolis, IN. on Feb. 5, 2021 and beginning around 9:00 P.M. All ten officers conspired to illegally ambush myself and seize me without a warrant and lie to make it appear as a routine traffic stop even

(8)

though there were no citations issued and I was not pulled over by any marked car and asked for license and registration. They use a false pretext in their paperwork to make it appear that what they engaged in was legal. My standing is that I was unlawfully seized in violation of the Fourth amendment. All 10 officers were acting under authority of the Indianapolis Metro Police Department and permitted to engage in this behavior by their employer without consequence. The illegal seizure has caused me to be wrongfully incarcerated for a period of 23 months to date as well as thousands of dollars in lawyer fees, and loss of my home. Anastasia Stockslager was present in the vehicle when these events occurred on 79th Street. All evidence was discovered after my illegal seizure.

V: Injuries
A: As a result of the illegal conduct of the Defendants, I have sustained 25,000.00 - 30,000.00 in lawyer fees and bond moneys paid.

(9)

I have lost my home worth 15,000.00. I have been having health issues that have went ignored by Jail Medical Staff. I have lost my right to life, limb, and liberty for 23 months to date. I have lost my job, car, wife, and pets. I have been wrongfully incarcerated since my illegal seizure.

VI: Relief:
   A: I pray for relief in the amount of 1.5 million dollars for illegal seizure resulting in wrongful detention. In this amount are also included my legal fees, lost property due to incarceration, and reimbursement of the costs to live in jail.

VII: Exhaustion of Administrative Remedies:
   A: My claim did not arise while confined, therefore, no grievance procedure was available.
   B: I am mailing a copy of this entire complaint to every Defendant stated in this claim.

VIII: Previous Lawsuits
  A: To the best of my knowledge, I have not had a case dismissed based on the "three strikes rule".
  B: I have never filed a lawsuit based on the same facts involved in this action.
  C: I have filed a 1983 complaint about the conditions of my incarceration, Floyd County Sheriff, 4:21-CV-127-TWP-KMB. Filed in August of 2021 with David Jason Taylor as Plaintiff.
  Case is still pending.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-3-2023

Signature of Plaintiff
Printed Name of Plaintiff     David Jason Taylor
Prison Identification #     141235
Prison Address     P.O. Box 1406
                    New Albany        IN        47150
                    *City*             *State*   *Zip Code*

### B.     For Attorneys

Date of signing:



Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                    *City*             *State*   *Zip Code*

Telephone Number
E-mail Address

Notice of Lawsuit Being Filed Against <u>YOU</u>