UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID JASON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00059-JPH-TAB |
| | ) | |
| INDIANAPOLIS METRO POLICE DEPARTMENT, | ) | |
| RYAN GOOTEE IMPD Detective, | ) | |
| MOSS Officer, | ) | |
| K. HARTMAN Officer, | ) | |
| JENNIFER ASHER, | ) | |
| THOMAS BORGMAN, | ) | |
| MITCHELL FARNSLEY, | ) | |
| CHAD GIBSON, | ) | |
| ANDREW GIRT, | ) | |
| GARTH SCHWOMEYER, | ) | |
| JACOB TRANCHANT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

David Taylor filed this lawsuit under 42 U.S.C. § 1983 alleging that Indianapolis Metropolitan Police Department officers violated his constitutional rights when they arrested him in February 2021.  Dkt. 1.[1]

### I.    Screening Standard

Because Mr. Taylor is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b).  Under this statute, the Court must dismiss a complaint or any claim within a complaint

---

[1] Mr. Taylor has paid the initial partial filing fee assessed by the Court.  Dkt. 8, 9.  A collection order for the remainder of the filing fee is entered in conjunction with this order.

which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Complaint

Mr. Taylor alleges that he was pulled over by an unmarked police car around 9:00 p.m. on February 5, 2021, near a *Love's* truck stop in Tipton, Indiana. Plain-clothes officers then immediately jumped out of the car "with weapons drawn and order[ed him] to stop at gun point." He did not feel free to leave. Marked police cars did not arrive at the scene until after he was stopped at gun point. While Mr. Taylor alleges that "Defendants had probable cause to conduct a *Terry* stop for investigatory purposes" based on what they said in their statements, he believes that the officers "conspired and carried out" the plan to arrest him on pretext and without a warrant. The affidavit of probable

cause filed in his criminal case lists all ten officers who have been named as Defendants here "as involved in the apprehension." The officers "were allowed to engage in this conduct" by IMPD.

He alleges that the warrantless seizure was, therefore, violated his Fourth Amendment and due process rights. He also alleges that "[d]ash cam and body cam footage was kept from the discovery in" his criminal case, which also violated his due process rights. He sued IMPD and the officers in their individual and official capacities and seeks monetary relief.

### III.   Discussion of Claims

#### A. Claims that are dismissed.

First, any claims against IMPD must be **dismissed** because the Seventh Circuit has held that "the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Second, Mr. Taylor's official capacity claims against the officers must be **dismissed** because "Section 1983 does not authorize awards of damages against states, and a state official (in his official capacity) is the state." *Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018).

#### B. Claims that will proceed

Mr. Taylor's Fourth Amendment and Due Process claims **may proceed** against the officers in their individual capacities for the time being. However, a review of court records reveals that Mr. Taylor is currently facing federal charges related to the February 5, 2021, arrest. *See United States v. Taylor*,

3

Case no. 1:21-cr-00090-JMS-MJD, Docket no. 66 (Superseding Indictment charging conduct that occurred "on or about February 5, 2021"); Docket no. 102 (setting jury trial for July 31, 2023).

The United States Supreme Court has instructed district courts that, if a plaintiff files a case challenging the circumstances of his arrest "before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). That's because the relief Mr. Taylor seeks in this civil case may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), or "some other bar to suit." *Wallace*, 549 U.S. at 394.

Therefore, because the Court cannot predict the outcome of Mr. Taylor's criminal case, it appears that this civil case should be stayed.

### C. Further proceedings

The **Clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Dectective Ryan Gootee, Officer Moss, Officer K. Hartman, Jennifer Asher, Thomas Borgman, Mitchell Farnsley, Chad Gibson, Andrew Girt, Garth Schwomeyer, and Jacob Tranchant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **Clerk is directed** to terminate IMPD as a defendant.

4

When Defendants appear and respond to the Complaint, dkt. 1, they **shall also file a position statement** as to whether this case should be stayed pending the outcome of Mr. Taylor's criminal case.

**SO ORDERED.**

Date: 3/27/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID JASON TAYLOR
HENDERSON
#138646
Henderson County Detention Center
380 Borax
Henderson, KY 42420

RYAN GOOTEE IMPD Detective
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

MOSS Officer,
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

K. HARTMAN Officer
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

JENNIFER ASHER
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

THOMAS BORGMAN
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.

Indianapolis, IN 46205

MITCHELL FARNSLEY
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

CHAD GIBSON
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

ANDREW GIRT
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

GARTH SCHWOMEYER
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205

JACOB TRANCHANT
c/o Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46205